No. 1,962.—STATE EX REL. ANACONDA COPPER MINING CO. ET AL., RELATORS, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, AND WILLIAM CLANCY, JUDGE THEREOF, RESPONDENTS.

Nos. 1,964 AND 1,965.—STATE EX REL. BOSTON & MONTANA CONSOL. COPPER & SILVER MINING CO., RELATOR, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, AND WILLIAM CLANCY, JUDGE THEREOF, RESPONDENTS.

Original—Writs of supervisory control.

On motion to dismiss.

Decided June 29, 1903.

PER CURIAM.—The motions to dismiss the applications herein are sustained, and the proceedings are accordingly dismissed.

MR. CHIEF JUSTICE BRANTLY: In causes numbered 1,962, 1,964 and 1,965, being applications to this court for writs of supervisory control to prohibit the court of the Second judicial district, with Judge Clancy presiding, from proceeding with the hearing of three certain causes set for trial in that court, in which the Boston & Montana Company, the Anaconda Copper Mining Company and the Washoe Company are parties, the causes involved having been submitted to the court under motions to dismiss on the ground that this court has no jurisdiction, after as careful an examination as we have been able to give to the legal questions involved during the brief time we have had at our disposal, the court has reached the conclusion that it cannot interfere.

I wish to say, speaking for myself, that my view of this matter is this: The people of the state organized their government; the scheme of that government is contained in the Constitution of the state and statutes enacted in pursuance there-

of. It is not the province of the court to mend or remedy the imperfections, if any exist. There are certain trusts which have been reposed finally in the honesty and integrity of certain individuals who hold official positions under the government. Among these are disputed questions of fact and other matters of that kind, lodged in the discretion of the district judges. The legislature has deemed it wise to be silent upon the subject of bias and prejudice in district courts, thereby leaving it to the honesty and integrity of the individual judge to perform his duty under his oath in that regard. If that is an imperfection, then this court has no power to remedy it. The Constitution impliedly leaves to the legislature the power to determine what shall be disqualifications of judges, when change of venue shall be had, and matters of that kind. It is silent on the subject of how there shall be a change of judges under certain circumstances, and this court has no power to legislate by declaring what should be embodied in the organic law or in the statutes and act upon that legislation.

I do not assent to the proposition that a man, even the humblest citizen in this state, has not the legal right to a fair and impartial trial. Every citizen has that right, but no remedy is provided for cases in which that right is not accorded by district courts, except by impeachment of the judge who refuses it, or by discipline at the polls, or through the medium of disbarment proceedings.

MR. JUSTICE MILBURN: I join in the order denying the relators' petitions, for the reason that I am not convinced that under the facts alleged in the petitions the writ of supervisory control is the right remedy, if there be any, and not being satisfied, I therefore join in the order. I do not wish to be understood, however, as saying that in the state of Montana the law is as claimed by the respondents, that is—that a judge can lawfully sit on the bench in a criminal case and try John Doe or Richard Roe for murder of the judge's wife, or for highway robbery committed upon him, the judge,—that is the position taken by

the respondents in this case. I do not believe that such is the law. I am not convinced by the relators that writs of supervisory control should be issued in the cases now before us. I believe they have a remedy; I believe there is a remedy under the Code; in this my brethren do not agree with me.

Rehearing denied July 9, 1903.

*Mr. W. W. Dixon, Mr. A. J. Shores, Mr. C. F. Kelley, Mr. D. Gay Stivers,* and *Messrs. Forbis & Evans,* for Relators.

*Messrs. McHatton & Cotter,* for Respondents.